**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No.  CR 05-826-TUC-CKJ(BPV) |
| vs. ) | |
| ) | |
| BOBBY GLENN SUTTON, JR., et al., ) | **ORDER** |
| Defendants. ) | |

The Court has received and reviewed the August 27, 2007, correspondence from counsel from Waste Management, Inc., regarding the timeliness of the filing of counsel's Memorandum.  The Clerk of the Court will be directed to file the correspondence.  In light of that correspondence and a review of the docket sheet, the Court's August 24, 2007, Order is vacated and replaced with this Order, which reflects that the Memorandum was timely filed.

Pending before the Court is the Memorandum of Third-Party and Victim Waste Management of Arizona, Inc., Regarding Public Statements [Doc. # 233].  Defendant Sutton has filed a Response and Waste Management has filed a Reply.  Waste Management requests oral argument.  The Court finds it appropriate to resolve this issue without oral argument.

*Procedural Background*

Alleged victim Waste Management first became involved in the litigation of this case upon its filing of a Motion to Quash Subpoena *Duces Tecum* on April 24, 2006.  Counsel for Waste Management has been receiving copies of documents filed in this case since that time.

1 On June 28, 2006, a hearing was held on the Motion to Quash; counsel for Waste 2 Management appeared telephonically at that hearing. Waste Management counsel have been 3 present at subsequent hearings, but generally have not "appeared" at those hearings.

4 During the December 13, 2006, hearing, the Court referred "both" sides to L.R.Crim. 5 57.2. Waste Management counsel Harvinder Anand was telephonically present at that 6 hearing.

7 On August 14, 2007, Defendant Sutton filed a Request for Status Conference to 8 address extrajudicial statements made by Waste Management corporate attorneys to the 9 media. On August 17, 2007, the Court held a status conference and addressed the 10 extrajudicial statements. Counsel for Waste Management telephonically appeared at this 11 hearing. The Court ordered all counsel and parties, including Waste Management and its 12 attorneys, to abide by L.R.Crim. 57.2. The Court granted Waste Management until noon on 13 August 22, 2007, to file any memoranda on this issue.

14 Waste Management timely filed a Memorandum of Third-Party and Victim Waste 15 Management of Arizona, Inc., Regarding Public Statements. Waste Management asserts that 16 the order in place is overbroad, does not provide the necessary guidance to Waste 17 Management, and is constitutionally void for vagueness. Waste Management further asserts 18 that comments of a Waste Management attorney to the press will not present a substantial 19 likelihood of material prejudice to the fair trial of defendants and will not pose a serious and 20 imminent threat to the administration of justice and, therefore, the Order as to Waste 21 Management should be lifted entirely. Defendant Sutton asserts that the Court has the 22 authority to issue all necessary orders to ensure a fair trial to the parties. Should the Court 23 modify its order regarding public statements, however, Sutton requests that the modifications 24 apply to the prosecution, the defense, and Waste Management and its representatives.

25

26 *First Amendment – Prior Restraints*

27 Prior restraints on free speech under the First Amendment are subject to the highest 28 level of scrutiny. Strict scrutiny is appropriate because of the "peculiar dangers presented

- 2 -

by such restraints" on free speech. *Levine v. United States District Court*, 764 F.2d 590, 595 (9th Cir. 1985); *see also Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976) (noting that "if it can be said that a threat of criminal or civil sanctions after publication 'chills' speech, prior restraint 'freezes' it at least for a time").

Much of the case law regarding prior restraints has involved protective orders against the press. *See e.g., Sheppard v. Maxwell*, 384 U.S. 333, 358-63, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). However, the United States Supreme Court has adopted a less stringent standard for restraining speech of attorneys in *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991). The Court upheld the lesser standard of "substantial likelihood of material prejudice" for reviewing prior restraints on attorney speech. 501 U.S. at 1062-76. Justice Kennedy and Chief Justice Rehnquist combined to write the Court's opinion. *Id.* at 1032. In the portion of the opinion written by Chief Justice Rehnquist, the Court specifically rejected the argument that Nevada had to demonstrate a "clear and present danger of actual prejudice or an imminent threat" before discipline could be imposed on an attorney for making comments that the Nevada Supreme Court found created a substantial likelihood of materially prejudicing an adjudicative proceeding. *Id.* at 1032, 1069-74. The Court found that a speech-restricting rule can pass constitutional muster only if it prohibits attorney comments that present a "substantial likelihood of materially prejudicing an adjudicative proceeding. *Id.* at 1033, 1075.

*Local Rule of Criminal Procedure 57.2*

The local rule directs lawyers and law firms:

> not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by any means of public communication in connection with pending or imminent criminal litigation with which a lawyer or a law firm is associated, [if] (sic) there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

L.R.Crim. 57.2. It appears that this rule is based on the *Report of the Judicial Committee on the Operation of the Jury System on the "Free Press-Free Trial" Issue*, 45 F.R.D. 391 (1968)

1  and amended 51 F.R.D. 1935 (1970), which was then superseded by the Revised Report, 87
2  F.R.D. 519 (1980). The standard set forth in the local rule does not comport with the
3  constitutional requirements set forth by the Supreme Court in *Gentile*. Any restriction
4  regarding counsel releasing information, therefore, is subject to the standard of whether there
5  is a **substantial** likelihood of materially prejudicing an adjudicative proceeding rather than
6  the standard of whether there is a **reasonable** likelihood that such dissemination will interfere
7  with a fair trial or otherwise prejudice the due administration of justice.

8  Moreover, the local rule applies to a lawyer or law firm that is associated with pending
9  or imminent criminal litigation. On August 17, 2007, the Court found that Waste
10 Management and its attorneys are sufficiently associated with this case to be bound by the
11 requirements of L.R.Crim. 57.2. Although not specifically stated by Waste Management in
12 its Memorandum, it appears Waste Management is asserting that it is not sufficiently
13 associated with this case to be bound by the requirements of L.R.Crim. 57.2. Waste
14 Management asserts that statements it makes do not have the implicit imprimatur of
15 prosecution or the authoritative cast of an attorney involved in the litigation. Moreover,
16 Waste Management has been informed that, at present, the government does not intend to
17 call Waste Management's attorney as a witness at trial. Additionally, in it Reply, Waste
18 Management asserts that it is not a party herein.

19 Counsel have not provided the Court with any precedential guidance as to when a
20 lawyer or law firm is "associated" with a case. In light of the strict scrutiny that is generally
21 required for prior restraints, the Court does not find it appropriate to presume Waste
22 Management's lawyers are associated with this case – the standard for a lawyer is less
23 stringent and this Court does not find it appropriate to assume, without any authority, that the
24 less stringent standard applies.

25

26 *Regulation of Speech to Protect the Proper Administration of Justice*

27 The First Amendment, therefore, applies to Waste Management and its counsel
28 regarding the issues in this case. However, that does not mean that "the court cannot regulate

- 4 -

the speech; even where first amendment protection is involved, the court clearly is authorized to protect the proper administration of justice." *Zarate v. Younglove*, 86 F.R.D. 80 (D.C.Cal. 1980), *citing Farr v. Pitchess*, 522 F.2d 464, 468 (9th Cir. 1975). Constitutional protection of free speech requires that any regulation by the court, however, "only forbid communications if they pose a "'serious and imminent threat' of interference with the fair administration of justice." *Zarate*, 86 F.R.D. at 103, *citations omitted*; *see also Standing Committee on Discipline of U.S. Dist. Court for Cent. Dist. of California v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995) (clear and present danger to the administration of justice); *Levine*, 764 F.2d at 599.

Indeed, "[t]he Supreme Court has held that speech otherwise entitled to full constitutional protection may nonetheless be sanctioned if it obstructs or prejudices the administration of justice." *Yagman*, 55 F.3d at 1442, *citing Gentile*. Comments by the parties or Waste Management, including potential witness John Newell,[1] may obstruct or prejudice the administration of justice. Indeed, statements of Mr. Newell, as a potential witness, pose a heightened threat to the fair administration of justice because he may be perceived to be especially authoritative. *Id.*, at 1442. Defendants and the government are entitled to have this case decided by fair and impartial jurors based on evidence presented in a court proceeding. *Id*., at 1443. This Court will be empaneling the jury for this case on Tuesday, August 28, 2007. Any comments by the prosecution, the defense, or Waste Management and its representatives at this time, on the eve of trial, pose a serious and imminent threat to an efficient and fair administration of justice by presenting extrajudicial material to potential jurors. Even if prejudicial material was presented to potential jurors, the Court recognizes that a fair trial could "ultimately be ensured through *voir dire*, change of

---

[1] Waste Management asserts that it has been informed that, at present, it is not anticipated that Waste Management's attorney will be called as a witness. Defendants' February 22, 2007, witness list, however, includes any witness listed or disclosed by the government. This Court will not assume that Mr. Newell will not be called as a witness.

- 5 -

1 venue, or some other device[.]"  Nonetheless, there is a substantial interest in limiting the
2 significant additional costs to ensure that fair trial without, for example, a change of venue.
3 *Id.*  The Court finds it appropriate to restrict comments of the prosecutor, defense counsel,
4 Waste Management and its representatives through the jury selection process.

5 After the jury is selected in this case, any serious and imminent threat to the
6 administration of justice is limited.  *See e.g., Shannon v. United States*, 512 U.S. 573, 585,
7 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994) (there is an "almost invariable assumption of the law
8 that jurors follow their instructions"), *quoting Richardson v. Marsh*, 481 U.S. 200, 206, 107
9 S.Ct. 1702, 1707, 95 L.Ed.2d 176 (1987).  The Court anticipates giving the jury a preliminary
10 instruction directing the jurors to not "read any news stories or articles or listen to any radio
11 or television reports about the case or about anyone who has anything to do with it[.]"  9th
12 Cir. Crim. Jury Instruction 1.9.  Additionally, the Court anticipates giving final instruction
13 to the jury regarding basing their decision on the evidence presented at trial.  Although the
14 Court, therefore, will set forth restrictions regarding public statements during trial, such
15 restrictions will not be as severe as the restrictions imposed pending jury selection.

16 Accordingly, IT IS ORDERED:
17     1.    The Court's August 24, 2007, Order is VACATED;
18     2.    The Clerk of the Court shall file the August 27, 2007, correspondence.
19     3.    The Court's August 17, 2007, Order as to public statements is VACATED.
20     4.    Defendants, counsel for the Defendants, counsel for the government, Waste
21         Management and its representatives shall make no public statements regarding
22         this case until jury selection is complete.
23     5.    Following the selection of the jury (i.e., the swearing in of the jury), the
24         following shall apply to government and defense counsel:
25         a.    Counsel shall not give or authorize any extrajudicial statement or
26             interview relating to the trial or the parties or issues in the trial which
27             a reasonable person would expect to be disseminated by means of
28             public communication if there is a substantial likelihood of materially

prejudicing a fair trial in this case, except that counsel may quote or refer without comment to public records of the Court in this case.

    b. In determining if a statement would have a substantial likelihood of materially prejudicing a fair trial in this case, counsel shall consider items that may not be discussed as set forth in L.R.Crim. 57.2, and items that may be discussed as set forth in Ariz.R.Sup.Ct. 42, E.R. 3.6 and its comment.

6. Following the selection of the jury (i.e., the swearing in of the jury), Waste Management and its representatives shall not give or authorize any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication if such statement will pose a serious and imminent threat to a fair administration of justice.

    a. In determining if a statement would pose a serious and imminent threat to a fair administration of justice, Waste Management and its representatives shall consider items that may not be discussed as set forth in L.R.Crim. 57.2, and items that may be discussed as set forth in Ariz.R.Sup.Ct. 42, E.R. 3.6 and its comment.

7. Waste Management shall mean Waste Management of Arizona, Inc. Restrictions as to speech as set forth in this Order shall not apply to other separate Waste Management entities.

8. This Order is effective August 24, 2007, *nunc pro tunc*.

DATED this 30th day of August, 2007.

_Cindy K. Jorgenson_
Cindy K. Jorgenson
United States District Judge